**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of the Complaint of CREW VENTURES, LLC, GBSZ, LLC d/b/a GRAND BANKS, and FV SHERMAN ZWICKER LLC as Owners and/or Owners *pro hac vice* of a 1942, 142 foot vessel named "SHERMAN ZWICKER" for Exoneration from or Limitation of Liability, | Docket No.: 24-cv-06941 |
| | **COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |
| Petitioners/Plaintiffs | |

Pursuant to 46 U.S.C. §§ 30511 and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, Crew Ventures, LLC, GBSZ, LLC d/b/a GRAND BANKS, and FV SHERMAN ZWICKER LLC, as Owners and/or Owners *pro hac vice* of a 1942, 142 foot vessel named "SHERMAN ZWICKER", as and for their Complaint for Exoneration from or Limitation of Liability, by and through their attorneys, Kennedys CMK LLP, allege upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 et seq., involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2. The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because it involves an alleged marine accident that occurred onboard a vessel operating on the navigable waters of the United States, and this satisfies the requirements for invoking the

Court's admiralty jurisdiction.

3. Venue is proper in this Court because a civil action was filed against petitioners, Crew Ventures, LLC and GBSZ, LLC d/b/a Grand Banks, as owners of the SHERMAN ZWICKER, in the New York State Supreme Court, County of New York and the incident giving rise to this suit occurred within the district of this Court.

## PARTIES

4. Petitioner, Crew Ventures, LLC ("Crew"), was and now is a corporation organized and existing under the laws of the State of Louisiana with an office and principal place of business in New York, New York.

5. Petitioner, GBSZ, LLC d/b/a Grand Banks ("GBSZ"), was and now is a corporation organized and existing under the laws of the State of Delaware with an office and principal place of business in New York, New York.

6. Petitioner, MV Sherman Zwicker LLC ("MVSZ"), was and now is a corporation organized and existing under the laws of the State of Louisiana with an office and principal place of business in New Orleans, Louisiana (hereinafter, Crew, GBSZ and MVSZ are collectively referred to herein as "Petitioners").

7. Petitioners are the Owners and/or Owners *pro hac vice* of a 1942, 142 foot vessel named "SHERMAN ZWICKER" (hereinafter, the "Vessel").

8. The Vessel was at all relevant times a Grand Banks auxiliary fishing schooner and was operating as a floating restaurant on the Hudson River in New York, NY.

9. Prior to and all times hereinafter described, Petitioners exercised due diligence to make and maintain the Vessel in all respects seaworthy, and the Vessel was, in fact, tight,

staunch, strong, and fully and properly staffed, equipped and supplied, and in all respects fit and proper for the service in which it was engaged at the time of the incident described herein.

## THE ALLEGED INCIDENT

10. On or about July 29, 2023, the Vessel was upon the navigable waters of the United States in the Hudson River in the vicinity of Pier 25, New York, New York, when an alleged accident is claimed to have occurred onboard the Vessel resulting in claims for alleged loss, damage and/or personal injury (the "Alleged Incident").

11. Potential claimant Adam Phillips filed a civil action against petitioners, Crew and GBSZ, in the New York State Supreme Court, County of New York, asserting general claims for alleged personal injury (the "Civil Action").

12. The Alleged Incident, injury, loss, damage or liability asserted in the Civil Action was caused, done, occasioned, and incurred without the privity or knowledge of Petitioners or anyone for whom Petitioners were responsible at or before the commencement of, or during, the voyage upon which the Vessel was engaged at the time.

13. On May 29, 2024, Adam Phillips provided written notice of his alleged damages, the value of which has a reasonable possibility of exceeding Petitioners' interest in the value of the Vessel as of the date of the alleged marine incident.

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

14. Any claims for loss, damage, and/or injury arising from the Alleged Incident were not due to any fault, neglect, or want of care on the part of Petitioners.

3

15. Petitioners deny that the Vessel, Petitioners or anyone for whom Petitioners are responsible caused any injury, loss, damage or liability allegedly arising out of, relating to or in connection with the Alleged Incident.

16. The Alleged Incident and any injury, loss, damage or liability arising out of, relating to or in connection therewith were not caused or contributed to by any fault, neglect, want of care, design or unseaworthiness on the part of the Vessel, Petitioners or anyone from whom Petitioners are responsible.

17. The Alleged Incident, injury, loss, damage or liability asserted in the Civil Action was caused, done, occasioned, and incurred without the privity or knowledge of Petitioners or anyone for whom Petitioners were responsible at or before the commencement of, or during, the voyage upon which the Vessel was engaged at the time.

18. If any fault caused or contributed  to the claims for loss, damage, and/or injury arising from the Alleged Incident, which is denied, such fault, neglect, or want of care was occasioned and occurred without Petitioners' privity or knowledge.

19. There are no demands, unsatisfied claims of liens, or liens against the Vessel arising out of the voyage hereinafter described, and no claims or suits pending thereon, so far as is presently known to Petitioners, except as outlined herein.

20. The value of the Vessel at the time of the Alleged Incident was determined to be $200,000.00. Attached hereto as **Exhibit A** is an appraisal by Martin & Ottaway valuing the Vessel at $200,000.00.

21. There was no pending freight at the time of the Alleged Incident.

22. Therefore, pursuant to 46 U.S.C. §§ 30505 & 30511, Petitioners therefore calculated the post-casualty value of the Vessel and pending freight to be $200,000.00.

23. Petitioners offer an *Ad Interim* Stipulation for value totaling the amount of $200,000.00, said amount not less than Petitioners' interest in the value of the Vessel on the date of the alleged marine accident, for payment into Court whenever the same shall be ordered, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court. Attached hereto as **Exhibit B** is the *Ad Interim* Stipulation for Value.

24. Petitioners reserve the right to revise and/or amend the basis for calculating the limitation fund and the corresponding *Ad Interim* Stipulation for Value as additional or other information relating to the cost of repair and/or the salvage of the Vessel becomes available in the future.

25. On September 11, 2024, Petitioners' insurer, Continental Insurance Company, issued a Letter of Undertaking, wherein it is agreed that in the event a final decree (after appeal, if any) is entered in favor of any claimant against the Petitioners, as Owners and/or Owners *pro hac vice* of the Vessel in the within proceeding for Exoneration from or Limitation of Liability, then the insurers agree to pay and satisfy, up to but not exceeding, $200,000.00 plus interest at 6% per annum commencing from the date of the Alleged Incident, together with costs which may be awarded, subject to the terms, conditions, exclusions and limits of the primary insurance issued by the underwriter on whose behalf the letter of undertaking is issued, with respect to liability of the Petitioners, as Owners and/or Owners *pro hac vice* of the Vessel representing the value of Petitioners' interest in said Vessel, the said final decree or any lesser

amount decreed or settled between the parties without final decree being rendered, where said settlement has been made with approval of the undersigned.  Attached hereto as **Exhibit C** is the Letter of Undertaking.

26. Petitioners commenced this proceeding within 6 months of receiving formal written notice of a claim having a reasonable  possibility of exceeding the value of Petitioners' interest in the Vessel on the date of the Alleged Incident.

27. Petitioners, as owners and operators of the Vessel, specifically claims that it, the Vessel and anyone for whom Petitioners are responsible are not liable for any and all injury, loss, damage or liability arising out of, relating to, or in connection with the aforesaid Alleged Incident, or done, occasioned, or incurred on the aforesaid voyage on which the Alleged Incident occurred, and with respect to any and all claims therefore or relating thereto, there are valid defenses on the facts and on the law, none of which is waived as a result of this filing, including but not limited to (i) any defense under the general maritime law and/or any other U.S. law; and (ii) any defense or right under any applicable bill of lading, tariff, dock receipt, contract of carriage, charter party or service contract. Petitioners confirm their intent to rely upon all such defenses.

28. Alternatively, Petitioners, without admitting but denying liability, expressly claims the benefit of limitation of liability as provided for in 46 U.S.C. §§30505, 30511, and the various statutes supplemental thereto and amendatory thereof. Accordingly, if Petitioners or the Vessel is determined to be liable and the amount or value of Petitioners' interest for limitation purposes in the Vessel and pending freight is not sufficient to pay all claimants, then claimants shall then share pro rata in the aforesaid sum, saving to them any rights of priority they may have.

29. Without prejudice to the foregoing, Petitioners reserve the right to claim any limitation of liability provided by the terms and provisions of the aforementioned of bills of lading, tariff, dock receipt, contract of carriage, charter party, service contract and/or other governing legislation.

**WHEREFORE**, Petitioners, Crew Ventures, LLC, GBSZ, LLC d/b/a GRAND BANKS, and FV SHERMAN ZWICKER LLC pray:

1. That this Honorable Court issue an Order to include the following:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the July 29, 2023 alleged marine accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for petitioners a copy hereof on or before a date to be named in the Notice.

    b. Directing Petitioners to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of Petitioners' interest in value of the Vessel as of the date of the alleged marine accident, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

    c. Directing that upon Petitioners' filing of the *Ad Interim* Stipulation for Value, an injunction shall issue enjoining the prosecution against Petitioners, their representatives, insurers, and the Vessel, of any and all claims, suits, actions, or proceedings, whether or not already begun, with respect to the marine incident, except in this proceeding (Restraining Order).

2. That this Honorable Court adjudge that Petitioners are not liable for any claims for loss, damage, and/or injury arising out of the July 29, 2023 alleged marine accident, and is therefore entitled to exoneration from liability.

3. If Petitioners are adjudged liable, that such liability be limited to the Petitioners' interest in the post-casualty value of the vessel in the maximum amount of $200,000.00, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro rata according to the above mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability; and

4. For such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
       September 13, 2024

                                          **KENNEDYS CMK LLP**

                              By:    */s/ Frank Jordan_____*
                                     Frank Jordan (FJ 1923)
                                     *Attorneys for Petitioners*
                                     *Crew Ventures, LLC, GBSZ, LLC d/b/a*
                                     *GRAND BANKS, and FV SHERMAN*
                                     *ZWICKER LLC*
                                     570 Lexington Ave, 8th Floor
                                     New York, NY 10022
                                     (646) 625-3990
                                     Frank.Jordan@Kennedyslaw.com

<u>**VERIFICATION**</u>

STATE OF NEW YORK     )
                        )     ss:
COUNTY OF NEW YORK   )

Frank Jordan, being duly sworn deposes and says:

       I, Frank Jordan, am the attorney of record for the Petitioners, Crew Ventures, LLC, GBSZ, LLC d/b/a GRAND BANKS, and FV SHERMAN ZWICKER LLC.

       I make this Verification pursuant to Fed. R. Civ. P. Supp. F, as well as Local Admiralty Rule F(1) and state that: I have read the foregoing Complaint for Exoneration from or Limitation of Liability, know the contents thereof and verify that the same is true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

Dated: New York, New York
       September 13, 2024

                   **KENNEDYS CMK LLP**

By:    */s/ Frank Jordan*
          Frank Jordan (FJ 1923)
          *Attorneys for Petitioners*
          *Crew Ventures, LLC, GBSZ, LLC d/b/a*
          *GRAND BANKS, and FV SHERMAN*
           *ZWICKER LLC*
          570 Lexington Ave, 8th Floor
          New York, NY 10022
          (646) 625-3990
          Frank.Jordan@Kennedyslaw.com