UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CREW VENTURES, LLC, GBSZ,
LLC, doing business as Grand Banks,
*and* FV Sherman Zwicker LLC,

                         Petitioners,

                – *against* –

ADAM PHILLIPS,

                         Respondent.

**OPINION & ORDER**

24-cv-06941 (ER)

RAMOS, D.J.:

Crew Ventures, LLC, GBSZ, LLC, doing business as Grand Banks, and FV Sherman Zwicker LLC (collectively, "Petitioners") commenced this action seeking exoneration or limitation of liability from a personal injury lawsuit filed by Adam Phillips in New York State Supreme Court (the "State Court Action"). Doc. 1 at 1–3. Before this Court is Phillips' motion requesting an order approving a Stipulation and Proposed Order, vacating the stay of his previously filed State Court Action to allow him to pursue his remedies before a jury, and staying the instant case (the "Limitation Action") until the State Court Action is concluded. Doc. 18 at 1. For the reasons discussed below, the motion is GRANTED.

I.      **BACKGROUND**

        **A. Factual Background**

Familiarity with the facts underlying this action is assumed, and these facts are discussed in more detail in the Court's April 22, 2025 Opinion and Order, granting Petitioners' *ex parte* motion requesting an order approving an *ad interim* stipulation for value, enjoining proceedings against Petitioners, and/or the Vessel, Sherman Zwicker outside this action, and directing issuance of notice to claimants. Doc. 11. The below is a summary of the relevant facts for purposes of the present motion.

Petitioners own the Sherman Zwicker, a 1942, 142-foot timber-constructed, Grand Banks auxiliary fishing schooner. Doc. 1 ¶¶ 7–8. From its launch until 2014, it functioned as a fishing schooner and moving maritime museum. Doc. 9-1 at 1. Since May of 2014, the Sherman Zwicker has taken 13 voyages from its homeport to Brooklyn, Connecticut, and Maine. Doc. 8 at 3–4. It goes to Connecticut each winter for repairs and rebuild. *Id*. at 8.

Petitioners also operate a restaurant on the Sherman Zwicker, the Grand Banks Restaurant. Doc. 1-1 at 3. On July 29, 2023, Phillips allegedly visited the restaurant and was struck by an unsecured umbrella, suffering injuries. Doc. 7 at 2. He filed the State Court Action, a complaint for personal injuries against Petitioners, on May 29, 2024. Doc. 1 ¶¶ 11, 13. Despite owning the restaurant, Petitioners allege lack of privity or knowledge of the alleged incident. *Id*. ¶¶ 12, 17–18.

An initial appraisal report conducted on September 12, 2024, valued the Sherman Zwicker of $200,000 as of the day of the incident. Doc. 1 ¶ 20. The report further noted that the Sherman Zwicker "does not have propulsive capability, as the propeller and rudder were removed, prohibiting it from practical use as transportation on" water. Doc. 1-1 at 3. However, an addendum to the appraisal report stated that the propeller and rudder were undergoing repairs and would be reinstalled, which would allow the structure to "have the capacity for self-propulsion" without changing the configuration of its floating hull. Doc. 9-1 at 2. Despite the absence of the propeller and rudder, the Sherman Zwicker had its original auxiliary propulsion engine, which was rebuilt in 2010. *Id*. at 1. Based on this, the Court, in its Opinion & Order dated April 22, 2025, determined that the Sherman Zwicker was a "vessel" because it is not permanently or semi-permanently moored and "because a reasonable observer would conclude that, given its overall maintained physical structure and continued transportation activities, it is designed to transport people or cargo." Doc. 11 at 5–6.

2

### B. Procedural History

Petitioners filed the instant complaint on September 13, 2024 claiming admiralty jurisdiction and seeking exoneration from or limitation of liability from Phillips' personal injury claims in the State Court Action.  Doc. 1 at 1–3.

That same day, Petitioners moved for a court order authorizing the filing of an *ad interim* stipulation for value, enjoining proceedings against Petitioners, and/or the Sherman Zwicker outside this action, and directing issuance of notice to claimants.  Doc. 4 at 1.  Phillips filed his opposition to the motion, arguing that Petitioners did not have the right to seek limitation because the Sherman Zwicker was not a vessel.  Doc. 7.  On April 22, 2025, the Court granted Petitioners' motion to approve the *ad interim* stipulation of value of the vessel for $200,000 and stayed the State Court Action.  Doc. 11.

On August 26, 2025, Phillips moved for an order (i) approving a Stipulation and Proposed Order attached to the motion as Exhibit 1, Doc. 17-1, (ii) vacating the stay of the State Court Action to allow him to pursue his remedies before a jury, and (iii) staying this Limitation Action until the State Court Action is concluded.  Doc. 17.  Pursuant to Phillips' proposed order, attached as Exhibit 1 to his motion, he stipulates that:

- "this District Court will maintain exclusive jurisdiction to determine limitation of liability issues;
- Mr. Phillips will waive any *res judicata* effect of any other court's decisions with respect to limitation issues; and
- in the event the district court finds the Petitioners entitled to limit liability, Mr. Phillips will agree not to enforce against the Petitioners any judgment rendered outside the Limitation Action for damages exceeding the value of the vessel and its pending freight or corresponding limitation fund."

Doc. 17-1 at 2.

3

## II.    DISCUSSION

### A.  The Single Claimant Exception Applies.

Pursuant to the Vessel Owners Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501, a vessel owner may limit his liability to the value of the vessel for "any loss, damage, or injury by collision … done, occasioned, or incurred, without the privity or knowledge of the owner."  46 U.S.C. § 30523(b).  Pursuant to 28 U.S.C. § 1333, admiralty and maritime law "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled."  28 U.S.C. § 1333(1) (the "saving to suitors clause").  In recognizing this tension, the Supreme Court held that "district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court."  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001).  "[T]his exception permits a single claimant, who seeks damages in excess of the value of limitation fund,[1] to proceed outside of the limitation proceeding if that single claimant stipulates to the exclusive jurisdiction of the federal court to determine all issues relating to the limitation of liability."  *Matter of Falcon Inland, Inc.*, No. 96-2671, 1996 WL 547461, at *1 (E.D. La. Sept. 25, 1996).  However, before allowing a suitor to pursue his claims in state court, a district court should confirm that "'vessel owner's right to seek limitation will be protected.'"  Doc. 18 at 5( quoting *Lewis*, 531 U.S. at 454).

"Claimants generally have been permitted to proceed with their claims in state court where there is only a single claimant."  *Lewis*, 531 U.S. at 439.  Accordingly, Phillips argues that he, as the single claimant in the Limitation Action, should be allowed to proceed in state court pursuant to the "single claimant exception," so long as he "(1) stipulates to the district court's exclusive jurisdiction to determine limitation of liability issues; (2) waives any *res judicata* effect of any other court's decisions with respect to limitation issues; and in the event the district court finds the owner entitled to limit[ation

---

[1] The "limitation fund" refers to the value of the vessel.

of] liability, agrees not to enforce against the owner any judgment rendered outside the limitation proceeding for damages exceeding the value of the vessel and its pending freight or corresponding limitation fund." Doc. 18 at 5–6.

Courts have held that the mere possibility of other claimants bringing similar claims defeats the single claimant exception. *Matter of Falcon*, 1996 WL 547461, at *1. In *Matter of Falcon*, the court recognized that the "claimant apparently ha[d] filed the necessary stipulations to protect the interest of the vessel owner," but nevertheless held that it could not determine whether he was the only claimant because the period for filing claims would not expire until nine months later. 1996 WL 547461, at *1.

Here, Phillips' alleged injury occurred on July 29, 2023, and at the time of the alleged incident, there were over 50 people onboard the Sherman Zwicker. Doc. 19 at 10. However, Phillips has not alleged, nor has he otherwise suggested that the umbrella that injured him in the head struck any of the other 50 people onboard. Doc. 21 at 7. Accordingly, while the statute of limitations for negligence in New York is three years, CPLR § 214, Petitioners' argument that there are other potential claimants who are not barred from filing suit until the statute of limitations expires is unsupported. Doc. 21 at 7.

Petitioners attempt to argue that "[t]he fact that all potential claimants have not entered into a single, joint stipulation is reason enough to deny Claimant's request to lift the stay." Doc. 19 at 10. However, Petitioners do not cite any authority suggesting that waiting for a statute of limitations to run is the rule in Limitation Act cases. Doc. 21 at 7. Pursuant to Supplemental Rule F. of the Federal Rule of Civil Procedure, a vessel owner "shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court" by at least 30 days after issuance of the notice. Fed. R. Civ. P. Supp. R. F(4). This date may be extended by the Court. *Id.* However, as Phillips noted, Petitioners have not attempted to set a deadline for such claims. Doc. 21 at 8. Phillips argues that Petitioners' failure to set such deadline is motivated by their desire to "advance a false dichotomy:

either delay [Phillips] another [four] months or strip him of his right to a jury trial in the forum of his choice." *Id.* Accordingly, Petitioners cannot now argue that the single claimant exception does not apply because there is a "mere possibility of multiple claimants" when they have not made any efforts to take the steps necessary pursuant to Supplemental Rule F. to determine whether any other claimants might exist. Accordingly, since the single claimant exception applies in this case, the motion to lift the stay of the State Court Action and stay the Limitation Action is hereby GRANTED.

### B. Phillips' Proposed Order is Hereby Adopted.

Having established that Phillips is a single claimant for purposes of the instant Limitation Action, the Court hereby adopts Phillips' stipulations and proposed order, which are intended "to balance the parties' substantial rights under the Limitation Act and the saving-to-suitors clause." Doc. 18 at 6; *see also* Doc. 17-1 (Exhibit A: Stipulation and [Proposed] Order). Specifically, pursuant to the stipulations, Phillips agrees that:

- "this District Court will maintain exclusive jurisdiction to determine limitation of liability issues;
- Mr. Phillips will waive any *res judicata* effect of any other court's decisions with respect to limitation issues; and
- in the event the district court finds the Petitioners entitled to limit liability, Mr. Phillips will agree not to enforce against the Petitioners any judgment rendered outside the Limitation Action for damages exceeding the value of the vessel and its pending freight or corresponding limitation fund."

Doc. 17-1 at 2.

Petitioners argue that these stipulations must not be approved because Phillips did not raise any arguments against the value of the vessel in the initial briefing for Petitioners' motion to approve the *ad interim* stipulation of value of the vessel. Doc. 19 at 4–8. They add that these stipulations appear to be illusory because Phillips' counsel in the State Court Action advised Petitioners that the value of Phillips' alleged damages "remain ongoing and are in excess of the value of the [Sherman Zwicker]." *Id.* at 6. Petitioners note that the Court already approved the *ad interim* stipulation for value

6

totaling $200,000 for the Sherman Zwicker, Doc. 11 at 8, but that, nevertheless, Phillips' counsel continues to argue that the value of Phillips' alleged damage exceeds $200,000. Doc. 19 at 6.  Further, in his answer to the complaint in this action, Phillips stated that he disagreed with the valuation of the Sherman Zwicker, Doc. 12 ¶ 35, even though he did not dispute the sufficiency of the *ad interim* stipulation for valuation in the briefing on which the Court relied in issuing its order on April 22, 2025, Doc. 19 at 6; *see also* Doc. 11 at 8 ("Phillips does not dispute the sufficiency of the ad interim stipulation for value, the letter of undertaking, or the valuation of the Sherman Zwicker.").  Petitioners argue that the claimant must stipulate that "his or her claim does not exceed the value of the limitation fund."[2]  Doc. 21 at 2 (internation quotations and citations omitted).

However, the Court finds that Phillips' third proposed stipulation protects Petitioners' interests because, as Phillips points out, the Limitation Action "will eventually return to federal court and either (1) Petitioners will be entitled to limitation and [Phillips'] damages will be limited to the limitation fund/value of the vessel plus pending freight, or (2) the Court will find that Petitioners are not entitled to limitation and the size of the limitation fund will become irrelevant."  Doc. 21 at 3.

Petitioners argue that because the Court already granted the *ad interim* stipulation for value for $200,000 on April 22, 2025, and Phillips did not dispute the sufficiency of the stipulation and the valuation, he cannot now re-litigate the issue or otherwise engage in piecemeal litigation.  Doc. 19 at 6–7.  Phillips and Petitioners both agree that all Phillips challenged was whether the Sherman Zwicker qualified as a vessel.  *Id.*; *see also* Doc. 21 at 4.  However, the Second Circuit has long held that "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua*

---

[2] Phillips argues that this language, which Petitioners claim to quote from *In re Henry Marine Service, Inc.*, 136 F. Supp. 3d 401 (E.D.N.Y. 2015), to support their contention that the single-claimant exception does not apply because Phillips failed to stipulate to the value of the vessel, does not appear anywhere in that decision.  Phillips further contends that the language also does not appear in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001), which Petitioners assert is the original source of the quoted language. However, the Court does not base its decision on the reasoning of *In re Henry Marine Service, Inc.*

*sponte*." *Lyndonville Savings Bank & Trust Co. v. Lussie*r, 211 F.3d 697, 700 (2d Cir. 2000). Therefore, even if Phillips only challenged the status of the Sherman Zwicker as a vessel in the briefing for the *ad interim* motion, he is not precluded from raising further arguments in the future—as he has done so now—especially given that this case is in its earliest stages and discovery is nowhere near completion. Accordingly, Phillips' stipulations are hereby adopted.

### C. The Request to Stay the Limitation Action is Granted.

Petitioners also argue that whether the vessel owners had knowledge or privity of the acts giving rise to the claims is subject to exclusive federal jurisdiction, so Phillips' request to stay the Limitation Action should be denied. Doc. 19 at 11–12. This is a two-step process. First, "the Court must determine what acts of negligence or unseaworthiness caused the casualty." *In re Bridge Construction Services of Florida, Inc.*, 39 F. Supp. 3d 373, 381 (S.D.N.Y. 2014) (internal quotation marks omitted). In other words, the Court has to determine whether the accident was caused by legally blameworthy conduct, because if the shipowner was not at fault or lacked privity to or had knowledge of any negligence under the law, there's no liability to limit and the owner should be fully cleared of responsibility. *Id.* at 381–82. Second, only if the Court finds that there was negligence or unseaworthiness in the events that resulted in the incident will it inquire "whether the shipowner had knowledge or privity of [the allegedly negligent acts]." *Id.* at 382. Courts have held that when there is a "risk that limitation issues [will] be raised in state court proceedings" or when the "plaintiff clearly seeks to litigate the direct negligence of the owner of the [] vessel," this inquiry should be done in the context of a federal limitation action. *Matter of Germain*, No. 514-cv-1013 (BKS) (ATB), 2017 WL 4352103, at *3 (N.D.N.Y. June 13, 2017), *report and recommendation adopted*, No. 514-cv-1013 (BKS) (ATB), 2017 WL 3382313 (N.D.N.Y. Aug. 7, 2017).

Here, Phillps has asserted that the Sherman Zwicker "was operated in a willful, wanton, and/or reckless manner, or, alternatively, the conduct and actions resulting in

8

[his] injuries took place with privity and knowledge of the Petitioners." Doc. 12 ¶ 34. Petitioners argue, "based upon the exclusive jurisdiction of the federal courts over proceedings under the [Limitation] Act, Petitioners are entitled to have the allegations of their negligence addressed in the limitation action." Doc. 19 at 13. To support this assertion, Petitioners rely on *Langnes v. Green*, 282 U.S. 531 (1931).

However, as Phillips argues, *Langnes* stands for the inverse of what Petitioners say it does: *Langnes* holds that it was fair to let a single claimant case proceed in state court to preserve the allegedly injured party's common-law rights while still allowing the shipowner to assert limited liability. *Langnes*, 282 U.S. at 541 ("To retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a [common law] remedy; to remit the cause to the state court would be to preserve the rights of both parties." Additionally, courts have held that if a district court concludes that a vessel owner's right to limitation will not be adequately protected in state court, the district court has discretion to "proceed to adjudicate the merits, deciding the issues of liability and limitation." *Lewis*, 531 U.S. at 439 (2001). The inverse is also true: if a district court determines that a vessel owner's right to limitation *will* be adequately protected in state court, the district court may stay the limitation action.

Given that Phillips offered to stipulate that "this District Court will maintain exclusive jurisdiction to determine limitation of liability issues," Doc. 17-1 at 2, the Court hereby grants the motion to stay the Limitation Action with the understanding that the Court retains jurisdiction over the issue of limitation liability.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion to (1) approve his Stipulation and Proposed Order, (2) vacate the stay of the State Court Action, and (3) stay this Limitation Action until the State Court Action is concluded is GRANTED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 17 and 20, and stay the case. The

parties are directed to inform the Court within 48 hours of the resolution of the State Court Action.

It is SO ORDERED.

Dated:    March 11, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.